UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TAMMY E. BROWN | CIVIL ACTION 11-1733 |
| VERSUS | U.S. DISTRICT JUDGE DEE DRELL |
| CAREMARK LOUISIANA | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand, **Doc. 13**, referred to me by the district judge for report and recommendation.

Plaintiff sues for damages alleging that defendant discriminated against her on account of race. Suit was filed in state court in Rapides Parish and timely removed by the defendant to this court based on diversity jurisdiction. Defendant stated, in its Notice of Removal, that the amount in controversy exceeds the jurisdictional limits of this court, $75,000, and attached to its removal petition a job summary showing, it alleges, that plaintiff was earning approximately $20,000 per year prior to her termination. Defendant also points out that plaintiff seeks attorney fees under Louisiana law and, therefore, the amount in dispute exceeds $75,000.

Plaintiff moves to remand asserting that defendant has failed in its burden to prove that the amount in dispute exceeds

1

$75,000, the jurisdictional amount in this court.

## Analysis.

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.  However, the Fifth Circuit has applied different standards of proof, depending upon whether the complaint prays for a specific amount of damages.  <u>Allen v R & H Oil and Gas Co.</u>, 63 F.3d 1326 (5th Cir. 1995).  Where the complaint alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount.  <u>St. Paul Mercury Indemnity Co. v. Red Cab. Co.</u>, 58 S. Ct. 586 (1938).  Where a specific amount of damages is not set forth, the legal certainty test is not applicable.  Instead, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  <u>De Aguilar v. Boeing Co.</u>, 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).

In Louisiana, plaintiffs are prohibited by state law from specifying the amount of damages sought, except in certain circumstances. La. Code Civ. P., Art. 893.  Therefore, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. <u>De Aguilar</u> I, supra.  The defendant may make this showing in either of two

ways: (1) by demonstrating that it is facially apparent from the complaint that the claims are likely above $75,000, or (2) by setting forth the facts in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount. Allen, 63 F.3d at 1335. See Luckett v. Delta Airlines, Inc. 171 F.3d 295 (5th Cir. 1999). Plaintiff may, however, cite to a state statute, for example, that prohibits recovery of more than the amount sought. De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995) (De Aguilar II). Otherwise, a litigant who wants to prevent removal must file a binding stipulation or affidavit with her petition. Id.

Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal.

Once jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction. St. Paul Mercury, supra. While post removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits or stipulations and amendments may be considered only if the basis for jurisdiction is ambiguous, that is, not facially apparent, at the time of removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000); Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC)

3

v. Dow Quimica de Columbia S. A., 988 F.2d 559, 565 (5th Cir. 1993), cert. den., 114 S. Ct. 685 (1994); St. Paul Mercury, supra. See also, (De Aguilar II). Any post petition affidavits or stipulations are allowable only if relevant to the time of removal. Allen, 63 F.3d at 1335.

Plaintiff's petition does not allege entitlement to a specific amount of damages. She does, however, assert entitlement to damages in the form of back pay, front pay, mental pain and anguish, benefits, reinstatement, and attorney fees and court costs.

Defendant suggests, in its removal petition, that the wage statement attached to the removal petition proves that back pay to the anticipated date of trial, two years, would total around $40,000. When front pay, benefits, general damages and attorney fees[1] are added, the claim easily exceeds $75,000, the jurisdictional threshold of this court.

Plaintiff counters that she obtained another job prior to filing suit and makes almost as much as she did at her employment with defendant and that she expects a raise shortly in which case she will earn more than she did before and, therefore, she will have no further back or front pay claim.

The damages alleged in this type of case are sufficient to

---

[1] Attorney fees may be included in calculating the amount in controversy. See: Cupples v. Farmers, 390 F.2d 184 (5th C. 1968).

make jurisdiction "facially apparent", that is, apparent from the allegations contained in the petition. But even if they weren't, the wage statement attached to the petition for removal, although not in affidavit form as would have been preferable (but which is not challenged), proves that the back pay claim alone would approach $40,000. The court must reject plaintiff's argument that her new job eliminates most of that claim for, as Magistrate Judge Wilson stated in Carrier v. Veolia, 2007 WL 2350258 (W. D. La. 2007), no amounts which may be asserted in valid defense of all or part of a claim may be used to reduce the amount in controversy in order to defeat diversity jurisdiction. The issue is not how much plaintiff's case may really be worth when all is said and done but, rather, what is the amount placed in dispute by the plaintiff.

When the front pay claim, the claim for benefits, for general damages and for attorney fees are added, it is clear that the amount in dispute exceeds $75,000.

For these reasons, IT IS RECOMMENDED that the motion to remand, doc. #13, be DENIED.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or

responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 9th day of December, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

6