UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **TAMMY E. BROWN** | **CIVIL ACTION 11-1733** |
| versus | **JUDGE DRELL** |
| **CAREMARK SPEC. PHAR. HOLDINGS, LLC** | **MAGISTRATE JUDGE KIRK** |

**REPORT AND RECOMMENDATION**

This is an employment discrimination action brought in state court by Plaintiff Tammy E. Brown ("Brown") against Defendant Caremark Specialty Pharmacy Holdings, LLC ("Caremark") pursuant to state discrimination laws. *seq.* Bell alleges that Caremark discriminated against her on the basis of race.  The case was removed on the basis of diversity jurisdiction. Defendant filed a motion to dismiss, doc. # 8, and plaintiff amended her complaint. I issued a Report and Recommendation, doc. #35, finding that plaintiff had failed to make out a prima facie case of race discrimination or hostile work environment. Plaintiff once again sought leave of court to amend her complaint to attempt to state a claim. Therefore, the district judge pretermitted consideration of the Report and Recommendation pending plaintiff's filing of her second amended complaint. This motion to dismiss, doc. #41, followed.

In my report and recommendation, I found that, while plaintiff has shown she is a member of a protected class and was terminated, she had not shown that a person outside the protected class was treated more favorably. In her third attempt to cure that defect she makes one additional allegation:

> Plaintiff shows that Theresa Hennings has treated Caucasian employee, Debbie Thornhill, differently than her. For instance, Theresa Hennings has never physically threatened Debbie Thornhill; questioned her ability to operate the cashier (sic); mocked her for

engaging in 'small talk" with customers nor instructed her to perform ridiculous tasks.

Once again plaintiff has failed to make out a prima facie case of race discrimination. Nowhere does she allege that Hennings threatened her because of race, or questioned her ability to operate the cash register on account of race, or mocked her because of race or instructed her to perform "ridiculous tasks on account of her race. In other words there are no allegations that another employee was treated differently than was plaintiff on account of plaintiff's race.

Further undermining plaintiff's claims, as pointed out by defendant, is plaintiff's own original allegation that she was terminated because the manager was having a sexual affair with Hennings. Even assuming such allegation might be true, it proves that plaintiff was not fired because of her race. Unfair employment decisions that are not motivated by race or other prohibited classes are not actionable. Nieto v. L & H Packing Co., 108 F.3d 621, 624 (5th cir. 1997).

Neither does the amendment state a claim for a racially hostile work environment. Therefore, my analysis and recommendation, except as noted herein, remains unchanged.

For the foregoing reasons and for the reasons stated in my Report and Recommendation, doc. #35, IT IS RECOMMENDED that the Motions to Dismiss, doc. #8, and 41 be GRANTED and that plaintiff's suit be dismissed, with prejudice.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection tot he

magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 30th day of May, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE